Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
GREGORIO GALAN, JR.,                              )                  No. 08-06-00106-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  144th District Court
)
THE STATE OF TEXAS,                                   )                  of Bexar County, Texas
)
                                    Appellee.                          )                  (TC# 2005CR1696)

MEMORANDUM OPINION

            Gregorio Galan, Jr. attempts to appeal an aggravated robbery conviction. Finding that
Appellant has no right of appeal, we dismiss the appeal.
            Rule 25.2(a)(2) governs the defendant’s right to appeal in a criminal case:
 
A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant’s right of appeal in every case in which it enters a judgment of guilt or
other appealable order.


 In a plea bargain case--that is, a case in which defendant’s
plea is guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a defendant may
appeal only:
 
(A) those matters that were raised by written motion filed and ruled
on before trial, or
 
(B) after getting the trial court’s permission to appeal.

Tex.R.App.P. 25.2(a)(2).

            Appellant filed a timely notice of appeal and the trial court’s certification of the defendant’s
right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court’s certification reflects
that the appeal “is a plea-bargain case, and the defendant has NO right of appeal.” The certification
also reflects that Appellant waived the right of appeal. On April 27, 2006, the Clerk’s Office
notified Appellant that the certification reflects that he has no right of appeal in this case and
requested a response. In his response, Appellant requests that this Court instruct the trial court to
grant Appellant permission to appeal in order that he can challenge the voluntariness of his guilty
plea.


 It is within the trial court’s discretion whether to grant Appellant permission to appeal and
nothing in the record before us reflects that the court has clearly abused its discretion by denying
Appellant’s request. Accordingly, we deny Appellant’s motion. Finding that Appellant has no right
of appeal, we dismiss the appeal.


June 29, 2006                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)